UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE S.,<br><br>                     Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                     Defendant. | Case No.:  22cv1139-GPC(KSC)<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION, REVERSING THE COMMISSIONER'S DECISION AND REMANDING CASE FOR FURTHER PROCEEDINGS** |

      On August 3, 2022, Plaintiff Julie S. ("Plaintiff"), with counsel, filed this action seeking review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act").  (Dkt. No. 1.)  After full briefing by the parties, (Dkt. Nos. 14, 16, 17), on January 22, 2024, Magistrate Judge Karen S. Crawford issued a report and recommendation ("R&R") that the Court affirm the Commissioner's decision.  (Dkt. No. 20.)  Plaintiff filed an Objection to the R&R on February 5, 2024.  (Dkt. No. 21.) Defendant Martin O'Malley, Commissioner of Social Security, ("Defendant" or

"Commissioner"), filed a reply to the Objection on February 20, 2024.[1]  (Dkt. No. 22.) Having carefully reviewed the parties' briefs, the R&R, the Objection, the reply to the Objection, the administrative record, and the applicable law, the Court DECLINES TO ADOPT the R&R, REVERSES the Commissioner's decision and REMANDS the case for further administrative proceedings.

## Procedural Background

On December 20, 2019, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act alleging a disability date of January 9, 2018.  (Dkt. No. 7, Administrative Record ("AR") 164-65.)  At the hearing, Plaintiff amended her onset disability date to August 21, 2018, the date she stopped working.  (AR 41.)  She alleged impairments due to traumatic brain injury with associated loss of vision and impairment of speech.  (AR 83, 88.)

Her application for disability was denied on October 30, 2020.  (AR 83.)  She requested reconsideration on December 30, 2020, which was denied on March 18, 2021.  (AR 87, 88.)  On May 4, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 99.)  A telephonic hearing was held before ALJ Michael B. Richardson on September 21, 2021.  (AR 32-51.)  The ALJ heard testimony from Plaintiff and a vocational expert.  (*Id.*)  On October 6, 2021, the ALJ rendered his decision and concluded that Plaintiff was not disabled under the Act as of August 21,

---

[1] Plaintiff argues that the Commissioner's opposition should not be considered as it was not timely filed. (Dkt. No. 17 at 2.)  The Court also notes that the Commissioner filed a late reply to the Objections on February 20, 2024.  (Dkt. No. 22.)  The Commissioner did not seek leave to file these two filings late.  It appears that he may have filed them late because both deadlines fell on legal holidays.  The briefing schedule required that Defendant file a response to Plaintiff's motion on or before Friday, November 10, 2023, Veterans' Day; instead, the Commissioner filed the opposition on Monday, November 13, 2023.  (Dkt. Nos. 13, 16.)  The R&R required that any reply to any Objections be filed by February 19, 2024, Washington's Birthday; instead, the Commissioner filed a reply on Tuesday, February 20, 2024. Despite the deadlines falling on a legal holiday, the Commissioner is still required to timely comply with the specific deadlines in the briefing schedule.  Nonetheless, because the Court has broad discretion in case management, and there is no evidence of bad faith by the Commissioner nor has any prejudice been identified by Plaintiff, the Court considers Defendant's opposition as well as the reply to Plaintiff's Objections.  *See Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255, 1259-60 (9th Cir. 2010).

2018. (AR 16-28.) Plaintiff requested review of the ALJ's decision by the Appeals Council and submitted new evidence. (AR 161-62, 266-69, 272.) Plaintiff submitted a functional capacity evaluation ("FCE"), dated September 1, 2021, from Barbara Tourtellott, Licensed Occupational Therapist, ("Ms. Tourtellott").[2] (AR 1336-46.) On June 14, 2022, the Appeals Council denied the request for review concluding that the FCE did not demonstrate a reasonable probability that it would change the outcome of the decision. (AR 2.) Therefore, the ALJ's decision is the final decision of the Commissioner of Social Security and subject to district court review.

## Factual Background

Plaintiff, a resident of San Diego, California, was born on June 8, 1972 and was 45 years old at the time of the onset of disability on January 9, 2018, and her highest education is a B.A. (AR 35, 197.) She has past relevant work as a Senior Global Project Manager for a pharmaceutical research company. (AR 197.) On January 9, 2018, Plaintiff was involved in an automobile accident where she suffered a traumatic brain injury ("TBI") and stopped working in August 2018 due to her condition. (AR 22.)

### A.  The ALJ's Decision

For the purposes of the Social Security Act, a claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation. 20 C.F.R. § 404.1520(a). If the ALJ determines that a claimant is either disabled or not disabled at a step in the process, a decision or determination is made, and the ALJ does not continue on to the next step. *Id.*

---

[2] Plaintiff's counsel explained that the FCE report, which was conducted prior to the ALJ hearing, was erroneously faxed to the hearing officer with the wrong cover sheet and was not considered by the ALJ. (AR 268.) In the request for review by the Appeals Council, Plaintiff requested the case be remanded so the FCE could be considered on re-hearing due to a clerical error. (*Id.*; *see also* AR 272.)

§ 404.1520(a); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). In brief, the ALJ considers whether the claimant is disabled by determining: (1) whether the claimant is "doing substantial gainful activity"; (2) whether the claimant has a "severe, medically determinable physical or mental impairment . . . or a combination of impairments that is severe" and that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity ("RFC"), the claimant can still do his or her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(i)-(v). Between steps three and four, the ALJ must assess the claimant's RFC. *Id.* § 404.1520(e); *Bray*, 554 F.3d at 1222–23; *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). The burden of proof is on the claimant at steps one through four but shifts to the Commissioner at step five. *Bray*, 554 F.3d at 1222.

Here, the ALJ applied the five-step sequential framework to determine that Plaintiff is not disabled. (AR 18-27.) At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 21, 2018, the amended alleged onset date of disability. (AR 18.) At step two, the ALJ found that Plaintiff has the following severe impairments: traumatic brain injury ("TBI") with residual neurocognitive disorder (post-concussive syndrome), and somatic disorder. (AR 18.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 19.) The ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b)[3] except that she "is unable to climb ladders, ropes, or scaffolds, or crawl or balance; she is able to occasionally climb

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

ramps and stairs, stoop, kneel, and crouch; she must avoid all exposure to hazards such as unprotected heights or dangerous moving machinery; she is able to understand, remember, and carry out simple, routine, repetitive tasks, with no production quotas or production line work; and she is unable to work at over a moderate level of noise." (AR 21.)

At step four, given Plaintiff's RFC, the ALJ determined that Plaintiff is unable to perform any past relevant work. (AR 26.) Finally at the fifth step, considering Plaintiff's age, education, work experience, her RFC to perform light work as well as her additional limitations, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the claimant can perform. (AR 26.) As such, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act from August 21, 2018 through the date of the decision. (AR 27.)

## Discussion

### A. Standards of Review

#### 1. Standard of Review of Magistrate Judge's Report and Recommendation

The district court's duties in connection with an R&R from a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b); *see Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (*en banc*). However, the district court must conduct a *do novo* review of any part of the R&R that has been objected to. Fed. R. Civ. P. 72(b)(3). Here, Plaintiff filed an Objection to the Magistrate Judge's R&R; thus, the Court will conduct a *de novo* review of the Commissioner's final decision.

#### 2. Standard of Review of Commissioner's Final Decision

Section 205(g) of the Act permits unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. § 405(g). The reviewing court may enter a judgment affirming, modifying, or reversing the Commissioner's decision, and

may also remand the matter to the Commissioner of Social Security for further proceedings.  *Id.*

The scope of the reviewing court is limited; it may only "set aside the ALJ's denial of benefits . . . when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (internal quotations omitted).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  However, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.     Analysis**

Plaintiff argues that the FCE conducted by Barbara Tourtellott, a licensed occupational therapist, was improperly discredited by the Appeals Council and that error was not "harmless."[4]  (Dkt. No. 14 at 17, 19.)  In response, the Commissioner contends that the new evidence from the occupational therapist does not undermine the ALJ's decision which is supported by substantial evidence because the FCE is based on Plaintiff's self-reports and not on any objective or laboratory findings.  (Dkt. No. 16 at 2-3.)  In reply, Plaintiff maintains that FCEs are probative and utilized to determine whether a claimant is disabled.[5]  (Dkt. No. 17 at 7-8.)  Moreover, she claims the FCE was

---

[4] Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ 's findings are based on legal error *or* not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (emphasis added); *Stone v. Heckler,* 761 F.2d 530, 531 (9th Cir. 1985) ("We reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard.").  Here, because the Court concludes the Commissioner's decision was not supported by substantial evidence rather than legal error, the harmless error analysis does not apply.

[5] In response to the Commissioner's argument that Plaintiff waived any challenge to the ALJ's findings and conclusions, (Dkt. No. 16 at 4), Plaintiff also replies that the Agency and/or the ALJ did not provide germane reasons for discounting the FCE report of Ms. Tourtellott. (Dkt. No. 17 at 4-7.)  First, Plaintiff acknowledges that the ALJ did not consider the FCE; therefore, the ALJ could not have failed to provide

not based solely on her subjective reports but involved observations by the evaluator and results from standardized tests.  (*Id.* at 8-10.)

Federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action."  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).  Instead, when the Appeals Council denies a claimant's request to review an ALJ's decision, the ALJ's decision becomes the final decision of the Commissioner and federal courts review the ALJ's decision for substantial evidence based on the record as a whole.  *Id.* at 1161-62; *see* 42 U.S.C. § 405(g) (The Social Security Act allows district court review of any "final decision of the Commissioner of Social Security").  "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."  *Brewes*, 682 F.3d at 1163; *Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023) (Because the Appeals Council accepted [the claimant's] new evidence, it became "part of the administrative record, which the district court must consider.").  But if "the Appeals Council only looked at the evidence, and determined it d[oes] not meet the standard for consideration," then "the new evidence d[oes] not

---

germane reasons to discount the FCE.  Second, Plaintiff argues that the Agency failed to provide germane reasons for concluding that the FCE did "not show a reasonable probability that it would change the outcome of the decision." (Dkt. No. 17 at 4.) However, an Appeals Council's denial of Plaintiff's request for review is not subject to judicial review. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1157, 1161–62 (9th Cir. 2011).  Further, an Appeals Council is not mandated to make any evidentiary findings or reasons for denying review. *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir.1996), *superseded by regulation on other grounds as stated in Hudson v. Astrue*, CV 11–0025–CI, 2012 WL 5328786, at *4 n. 4 (E.D. Wash. Oct. 29, 2012) ("in rejecting [new] evidence, the Appeals Council is not required to make any particular evidentiary finding."). Thus, Plaintiff's argument that the Agency and/or the ALJ did not provide germane reasons for discounting the FCE is without merit.  The Court agrees with the Commissioner that Plaintiff has waived any challenge to the underlying ALJ decision.

become part of the record, and [the court] may not consider it."[6] *Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) (citing 20 C.F.R. § 416.1470(b), and *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)); 20 C.F.R. § 404.970 (standard when the Appeals Council will review a case).

Here, the parties do not dispute that the Appeals Council considered the new evidence when it denied the request for review.[7] In fact, the Commissioner included the FCE report as part of the administrative record.[8] (*See* Dkt. No. 9.) Therefore, the Court reviews the ALJ's decision in light of the record as a whole, including the FCE report submitted for the first time to the Appeals Council, to determine if the ALJ's decision is supported by substantial evidence. *See Brewes,* 682 F.3d at 1163.

---

[6] In *Amor*, the Appeals Council declined to consider the supplemental evidence presented by the plaintiff because it was not relevant to the period of disability. *Amor v. Colvin*, Case No. 3:14–cv–01526–TC, 2015 WL 10059306, at *1 (D. Or. Oct. 21, 2015); *De Orozco v. Comm'r of Soc. Sec*., Case No. 1:18-cv-00817-SAB, 2019 WL 2641490, at *11 (E.D. Cal. June 26, 2019) (observing that the Ninth Circuit distinguished between instances where the Appeals Council formally considered evidence and made it part of the administrative record with instances where the Appeals Council only looked at the evidence).

[7] The Appeals Council stated, "You submitted information from Barbara Tourtellott, Licensed Occupational Therapist, dated August 27, 2021 (18 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (AR 2.)

[8] The Court recognizes that district courts are divided on the meaning of the Appeals Council boilerplate statement, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Some district courts have found that, where the Appeals Council's decision contained similar language, the Appeals Council merely looked at the new evidence while other courts have concluded the Appeals Council considered the evidence and remanded for further proceedings. *Compare Hensley v. Comm'r of Soc. Sec*., No. 2:20-CV-1448-KJN, 2022 WL 891289, at *13-14(E.D. Cal. Mar. 25, 2022) (holding identical language in Appeals Council's decision showed it only looked at the new evidence); *Victor A. v. Kijakazi*, No. 2:21-CV-07482-GJS, 2023 WL 2614510, at *3 (C.D. Cal. Mar. 23, 2023) (*same*) *with Franz v. Comm'r of Soc. Sec*., No. 2:21-CV-583-KJN, 2022 WL 4537991, at *4 (E.D. Cal. Sept. 28, 2022) ("The undersigned construes this as indicating Dr. Vega's statement was in fact considered—otherwise the court cannot understand how the Council could have concluded the opinion would not have changed the outcome."); *Shelly C. v. Saul*, No. 2:20-CV-00201-FVS, 2021 WL 2653733, at *8 (E.D. Wash. June 25, 2021) ("This Court joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome of the ALJ's decision while simultaneously not considering it and not associating it with the record.").

In the decision, the ALJ assessed Plaintiff with the RFC to perform light work except she "is unable to climb ladders, ropes, or scaffolds, or crawl or balance; she is able to occasionally climb ramps and stairs, stoop, kneel, and crouch; she must avoid all exposure to hazards such as unprotected heights or dangerous moving machinery; she is able to understand, remember, and carry out simple, routine, repetitive tasks, with no production quotas or production line work; and she is unable to work at over a moderate level of noise." (AR 21.) Based on this, the ALJ determined she was unable to perform any past relevant work which were designated as "light, skilled and "sedentary, skilled" positions. (AR 26.) After considering her age, education, work experience, RFC, and limitations, the ALJ concluded that she can perform "unskilled light" work. (AR 27.)

The ALJ recognized Plaintiff has moderate limitations in "understanding, remembering or applying information", mild limitations in "interacting with others" and moderate limitations in her ability to "concentrate, persist, or maintain pace." (AR 20.) In assessing that Plaintiff had moderate limitations in her ability to "concentrate, persist, or maintain pace", the ALJ specifically noted that the "*record fails to show any mention of distractibility and an inability to complete testing that assesses concentration and attention.*" (AR 20 (emphasis added).) The ALJ concluded that the record shows that Plaintiff had "limited attention and concentration." (AR 20.) The ALJ also concluded that Plaintiff's statements as to the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical and other evidence even though she had medically determinable impairments that could reasonably be expected to cause her alleged symptoms. (AR 22.)

As to concentration and attention, the administrative record includes repeated subjective complaints by Plaintiff of difficulties with concentration and attention, (*see* AR 60, 549, 563, 556, 687, 691, 698), and even reported marked difficulties with attention and concentration in September 2018, (AR 23, 299). However, there are no objective tests concerning attention and concentration. The record includes tests administered during a psychological testing performed by Dr. Yoshinori Sato, Psy.D., the

Agency's psychological consultive examiner, who concluded Plaintiff showed no cognitive or functional impairment, (AR 1265-71), although Dr. Sato noted that Plaintiff seemed to lose concentration toward the end. (AR 1267-68.) Ultimately, the ALJ only found Dr. Sato's opinion partially persuasive because the assessment was not supported by other evidence in the record showing "some degree of limitation" in Plaintiff's ability to function. (AR 25.) The record also does not indicate how long the psychological evaluation lasted. Plaintiff argues that Ms. Tourtellott's evaluation is the only objective evidence assessing how long Plaintiff can perform normal activities of work. (Dkt. No. 17 at 10.) The Court agrees.

On August 27, 2021, Ms. Tourtellott conducted a FCE of Plaintiff assessing whether Plaintiff "could work on a full time or part-time basis within at least the sedentary level of physical demand while performing tasks requiring concentration, attention to detail, and following directions as would be required in the workplace" on August 27, 2021. (AR 1338.) Indeed, the FCE included Plaintiff's subjective report of her function, (AR 1337); however, it also included an assessment of Plaintiff's ability to perform workplace tasks given her impairments using standardized tests such as the Community Balance and Mobility Scale; the Vitas Verifying Numbers Work Sample; the Minnesota Rate of Manipulation, Turning Test; the Screw Section of the Crawford Small Parts Dexterity Test and Computer Typing Test. (AR 1340-42.) Based on these tests, and Ms. Tourtellott's clinical observations during the testing, she concluded that Plaintiff is unable to work on a part-time or a full-time basis because she only completed two hours of work prior to demonstrating signs of overexertion and "would not be able to function successfully with the required speed and quality of performance required in a competitive environment given that these environments present much more auditory and visual stimulation." (AR 1344.) Specifically, as to concentration and attention, Ms. Tourtellot noted that Plaintiff showed problems with concentration especially with additional stimulation in the room. (AR 1342.) She concluded that Plaintiff did not show the ability to maintain "her concentration for the four hours of testing, had difficulty with

basic tasks requiring attention to numeric detail, as measured with the Verifying Numbers Worksample, a standardized test in which she scored in the below average range." (AR 1344.)  Plaintiff also had difficulty multi-tasking and also reported "brain pain" after about two hours of work simulation and had to take several breaks. (AR 1344.) Ms. Tourtellott concluded that "if she were in the competitive work environment, she would be expected to miss an excessive amount of days from work each week." (AR 1344.)

Contrary to the Commissioner's argument that the FCE contained no objective evidence and only mirrored Plaintiff's symptom claims, the FCE, in fact, included material, relevant, objective tests and provides additional information that the ALJ noted was missing concerning Plaintiff's concentration and attention.  (*See* AR 20.)  This objective evidence could support Plaintiff's self-reported limitations and affect the ALJ's RFC assessment as to concentration, persistence or maintaining pace, which in turn could affect the determination of disability.  *See Vasquez v. Astrue*, 572 F.3d 586, 596 (9th Cir. 2009) ("[I]f the Appeals Council had remanded the case for additional review, Dr. Sanchez's findings would have enhanced the information available to the ALJ and provided additional, rather than contradictory, evidence of Vasquez's condition.").

Therefore, in reviewing the record as a whole, including the FCE, the Court concludes the Commissioner's denial of benefits was not supported by substantial evidence.  *See Sakane v. O'Malley*, Case No. 1:23-cv-00576-SKO, 2024 WL 361423, at *5 (E.D. Cal. Jan. 31, 2024) (new evidence provided to Appeals Council filled the evidentiary gap the ALJ noted was missing; therefore, considering the record as a whole, the "ALJ's conclusion about the extent of Plaintiff's limitations and the lack of evidence in support thereof are no longer supported by substantial evidence.").

C.     **Remand or Award of Benefits**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  In general, when the Court reverses an ALJ's decision

"the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004). Particularly in this case, where the ALJ did not have the opportunity to consider the FCE report in assessing Plaintiff's RFC, and such consideration may alter the RFC assessment, and ultimately whether Plaintiff is disabled, the Court remands the case for further proceedings.[9] *See Vasquez*, 572 F.3d at 597 ("the ALJ should have been afforded an opportunity to consider additional evidence generated between the ALJ's decision and the Appeals Council hearing, and remand for that purpose."); *Mengistu v. Colvin,* 537 F. App'x 724, 725 (9th Cir. 2013) (stating that the court "may consider additional evidence presented for the first time to the Appeals Council when reviewing the agency's disability determination," and remanding case to the ALJ because "there [was] a reasonable possibility the report would have changed the [ALJ's] decision"); *Kellie K. v. Kijakazi*, No. 2:23-CV-0094-WFN, 2023 WL 8473725, at *3 (E.D. Wash. Dec. 7, 2023) (remanding because new evidence submitted to Appeals Council could have changed the outcome because the doctor opined greater limitations than those found by the ALJ); *Coe v. Berryhill*, Case No. 2:16–cv–09076 (VEB), 2018 WL 1773115, at *5 (C.D. Cal. Apr. 12, 2018) ("If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence.").

## Conclusion

Based on the reasoning above, the Court DECLINES to ADOPT the R&R, REVERSES the Commissioner's decision and REMANDS the case for further

---

[9] It is in the province of the ALJ to determine a plaintiff's residual functional capacity impairments, and, ultimately, whether a claimant is disabled under the Act. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"); *see* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity.").

1  administrative proceedings consistent with the opinion of the Court.  The Clerk of Court
2  shall close the case.
3     IT IS SO ORDERED.
4  Dated:  March 5, 2024

Hon. Gonzalo P. Curiel
United States District Judge